## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARY LOU PETT; KATHLEEN FICK-GEE; DIANE BRYCE; PATTI DELVALLE; MICHELE HOLCOMB; KIM READUS; ALICE REESE; ERIKA VAN ALLER; and LINDA WHITE, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, INC.,<br><br>      Defendant. | Civil Action No. 2:22-CV-11389-DPH-EAS<br><br>**RESPONSE TO PLAINIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Complaint Filed:    June 22, 2022<br>Complaint Served:  June 30, 2022 |

On March 8, 2023, Plaintiffs Mary Lou Pett ("Pett"), Kathleen Fick-Gee, Diane Bryce, Patti DelValle, Michele Holcomb, Kim Readus, Alice Reese, Erika Van Aller, and Linda White (collectively, "Plaintiffs") filed in the above-referenced action a Notice of Supplemental Authority, citing to *Briscoe v. NTVB Media Inc.,* Case No. 4:22-cv-10352, ECF No. 41 (E.D. Mich. Mar. 3, 2023) ("*Briscoe*"). Plaintiffs cited this report and recommendation in support of three legal propositions, two of which have no bearing here.

1.     First, Plaintiffs cite the report and recommendation in *Briscoe* for the proposition that "PPPA claims are governed by a six-year statute of limitations.

[Dkt. No. 31, ¶ 29(b).]  In its Motion to Dismiss, Defendant Publishers Clearing House LLC[1] ("PCH") did not dispute Plaintiffs' claim that a six-year statute of limitations applies to their PPPA claims, [*see generally* Dkt. No. 25], and the applicable statute of limitations has no impact on this Court's decision on PCH's Motion to dismiss.

2.     Second, Plaintiffs cite the report and recommendation in *Briscoe* for the proposition that "Michigan Executive Order 2020-58 and Michigan Supreme Court Administrative Order 2020-3 operate to toll the statute of limitations in the matter for 101 days."  [Dkt. No. 31, ¶ 29(c).]  Although PCH reserves its right to contest this claim should Plaintiffs' complaint survive PCH's Motion to Dismiss, whether Plaintiffs' PPPA claims were tolled by Michigan Executive Order 2020-58 and Michigan Supreme Court Administrative Order 2020-3 has no impact on the Court's order on PCH's Motion to Dismiss.  In its Motion to Dismiss, PCH argued that Plaintiff had not plausibly alleged any violation of the PPPA, regardless of when an alleged violation occurred. [*See generally* Dkt. No. 25.]

3.     Finally, Plaintiffs cite the report and recommendation in *Briscoe* because, according to Plaintiffs, "Magistrate Judge Altman expressly declined to follow *Nashel v. New York Times*, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022) and *Wheaton v. Apple Inc.*, 2019 WL 5536214 (N.D. Cal. Oct. 25, 2019), and instead

---

[1] Erroneously sued as Publishers Clearing House, Inc.

held that *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018) and *Piper v. Talbots, Inc.*, 507 F. Supp. 3d 339 (D. Mass. 2020) were 'more persuasive.'" [Dkt. No. 31, ¶ 2(a) (citing *Briscoe* at PageID.2693-2698).]   From this, Plaintiffs conclude that "Magistrate Judge Altman held that the operative complaint in Briscoe (which is nearly identical to the operative complaint in this case) stated a claim for relief under the PPPA." [*Id.*]

4.      Plaintiffs' argument, however, overlooks key factual distinctions between this case and *Briscoe*.

    a.      In *Briscoe*, the NextMark screenshot on which the court based its decision to deny the defendant's motion to dismiss explicitly stated that NextMark was in possession of a list of the Defendant's *magazine subscribers*.  A snip of that screenshot is included below (and the full third amended complaint filed in *Briscoe* is attached hereto as **Exhibit A**.)



[*See Briscoe* Complaint, attached hereto as **Exhibit A**, at Exhibit A.]

      b.      Here, in contrast (as PCH argued in its Motion to Dismiss), the NextMark screenshots on which Plaintiffs base their claim here do not state that NextMark is in possession of any information protected by the PPA. Instead, the screenshots state that the lists allegedly in its possession "were generated from PCH's *various sweepstakes mailings.*" As a result, unlike in *Briscoe,* even if the Court here accepts as true all allegations in the NextMark

screenshots, it still cannot find that Plaintiffs have adequately

alleged a violation of the PPPA.



[Dkt. No. 22-3.]



[Dkt. No. 22-3.]

c. Additionally, the screenshot at issue in *Briscoe* made clear that *if* information was disclosed by the defendant, as the plaintiffs' alleged, that information necessary included the specific magazine subscribed to. [*See Briscoe* Complaint, attached hereto as Exhibit A, at Exhibit A (screenshot stating that the defendant's "*magazine subscribers* have been merged, deduped, and enhanced with demographic and transactional data to develop the NTCB Enhanced Masterfile of highly sought-after customers" (emphasis added).].

d. In contrast, the screenshot here states, at best, that PCH may have disclosed, at some point in time, information from sweepstakes mailings or products from PCH.



[Dkt. No. 22-5.]

5.      At bottom, while the court in *Briscoe* may have found that *Horton*, 380

F. Supp. 3d 679, and *Piper*, 507 F. Supp. 3d 339, were "more persuasive" than

*Nashel*, 2022 WL 677565, and *Wheaton*, 2019 WL 5536214, it did so under facts

that are very different than the facts presented here. This court should follow *Nashel*

and *Wheaton* and dismiss Plaintiffs' complaint for failure to state a claim.

Respectfully submitted,

Dated: March 10, 2023

By: *s/   Matthew D. Pearson*

Casie D. Collignon
Matthew D. Pearson
BAKER HOSTETLER LLP
600 Anton Blvd., Suite 900
Costa Mesa, CA  92626
Tel.: 714-754-6600
Facs.: 714-754-6611
Email:   mpearson@bakerlaw.com
SBN 294302

*Attorneys for Defendant*
PUBLISHERS CLEARING HOUSE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I caused to be electronically filed the foregoing **RESPONSE TO PLAINIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew D. Pearson*
Matthew D. Pearson