UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARY LOU PETT; KATHLEEN FICK-GEE; DIANE BRYCE; PATTI DELVALLE; MICHELE HOLCOMB; KIM READUS; ALICE REESE; ERIKA VAN ALLER; and LINDA WHITE, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, INC.,<br><br>   Defendant. | Civil Action No. 2:22-CV-11389-DPH-EAS<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT PUBLISHERS CLEARING HOUSE LLC'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT [ECF NO. 25]**<br><br>Complaint Filed: June 22, 2022<br>Complaint Served: June 30, 2022 |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT PUBLISHERS CLEARING HOUSE LLC'S[1] MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT [ECF NO. 25]**

Defendant Publishers Clearing House LLC ("PCH") hereby submits this Notice of Supplemental Authority, notifying the Court that on March 6, 2023—approximately one month after this Court heard oral argument on PCH's Motion to Dismiss Plaintiffs Mary Lou Pett's, Kathleen Fick-Gee's, Diane Bryce's, Patti DelValle's, Michele Holcomb's, Kim Readus's, Alice Reese's, Erika Van Aller's,

---

[1] Erroneously sued as Publishers Clearing House, Inc.

and Linda White's (collectively, "Plaintiffs") Second Amended Class Action Complaint ("Motion to Dismiss") [ECF No. 25]—the United States District Court for the Western District of Michigan, the Honorable Hala Y. Jarbou presiding, issued an order in *Bozung v. Christianbook,* LLC, Case No. 1:22-cv-00304-HYJ-RSK (E.D. Mich. Mar. 6, 2023), ECF No. 51, 2023 WL 2385004 ("*Bozung*"), in which the Court dismissed the plaintiff's First Amended Class Action Complaint. A copy of that order is attached hereto as Exhibit A.

The opinion in *Bozung*, attached hereto as **Exhibit A**, directly bears on and supports the arguments PCH made in its Motion to Dismiss. In its Motion to Dismiss, PCH argued that Plaintiffs' Second Amended Class Action Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs had failed to allege facts that would support their claim under Michigan's Preservation of Personal Privacy Act, Mich. Comp. Law 445.1711, *et seq*. ("PPPA"). [*See* ECF No. 25.]

Specifically, PCH argued, among other things, that Plaintiffs' PPPA claim fails because Plaintiffs (1) do not allege what, if anything, they purchased from PCH, when and how; (2) rely almost exclusively on the claims of an unreliable third party NextMark; (3) cite to screenshots that do not actual say that PCH disclosed information protected by the PPPA; and (4) base their claims on online marketing

materials that post-date the relevant time period by almost six years. [*See generally* ECF No. 25.]

The court in *Bozung* based its dismissal on nearly identical arguments arising from nearly identical allegations.

For example, in *Bozung*, despite the plaintiff alleging, like Plaintiffs allege here, that the defendant "disclosed his information 'during the pre-July 30, 2016 time period[.]," *Bozung*, 2023 WL 2385004, at *4, the court found that "[t]he primary factual support for Bozung's assertion that Christianbook violated the PPPA is an image of NextMark's datacard from 2022," which is "six years after the relevant time period[,]" and that "[t]he image itself does not indicate that NextMark advertised the sale of customer information from 201," *id*.

The same is true here. Each NextMark screenshot attached to Plaintiffs' Second Amended Class Action Complaint represents that it has "COUNTS THROUGH" 2022. [*See* Dkt. Nos. 22-2, 22-2, 22-8.] So, too, with one of the List Services screenshots. [*See* Dkt No. 22-7 (stating it has "Counts through 10/31/2022").] The other List Services screenshot attached to Plaintiffs' Second Amended Class Action Complaint has dates ***pre-dating*** the "pre-July 2016 time period." [*See* Dkt. No. 22-6 (stating that it has "Counts through 12/31/2014).] Thus, just like the plaintiff in *Bozung*, Plaintiffs here have not alleged any *facts* that would

3

show that PCH disclosed anyone's information, let alone theirs, during the relevant time period.

Additionally, the court in *Bozung* found that because the plaintiff's "allegations in the complaint are 'based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge[,]…Bozung does not allege that he had personal knowledge of what a datacard showed in 2016, and it is not clear from the complaint how he would have possessed that knowledge." *Bozung*, 2023 WL 2385004, at *5.

The same is true here. Plaintiffs here allege that their allegations are "based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge." [Dkt. No. 22, p. 2.]

Finally, the court in *Bozung* found that "in order to be liable under the PPPA, the defendant must have disclosed information identifying both the customer *and* the particular materials that the customer selected for purchase or rental." *Bozung,* 2023 WL 2385004, at *6 (emphasis in original). And because "[n]o other allegations in the complaint support any relevant inferences about the contents of the data in NextMark's possession,….[Plaintiff's] allegation is simply a conclusion; it is not a well-pleaded allegation of fact." *Id.*

4

The facts here are even more compelling than those in *Bozung*. Unlike in *Bozung*, where the plaintiff had alleged no facts "to support any relevant inferences about the contents of the data in NextMark's possession," here, the Plaintiffs allege facts that directly refute their allegations that PCH violated the PPPA. The NextMark screenshots attached to the Second Amended Class Action Complaint make clear that, to the extent NextMark was in possession of any information, that information was "generated from PCH's sweepstakes mailing," not from a list of individuals who purchased reading, listening, or viewing materials from PCH. [*See* Dkt. Nos. 22-2, 22-3, 22-8.] The same is true for the List Services screenshots. [*See* 22-7 ("These buyers *are generated from PCH's various sweepstakes mailings*...." (emphasis added).).]

At bottom, despite Plaintiffs repeatedly bringing to this Court's attention cases that are not factually similar to this case, [*See* Plaintiffs' Notices of Supplemental Authority, Dkt. Nos. 33, 36-38], *Bozung* is the only supplemental authority that is actually comparable. In *Bozung*, the plaintiff relied on screenshots that did not show what was disclosed, by whom, and when. The same is true here. In *Bozung*, the plaintiff had no actual knowledge of any disclosures. The same is true here. And in *Bozung,* the plaintiff had no idea what information was actually disclosed (if any). The same is true here. This Court should grant PCH's Motion to Dismiss, and dismiss this action for failure to state a claim.

|  |  |
|---|---|
| Dated: April 13, 2023 | Respectfully submitted,<br><br>By: *s/   Matthew D. Pearson*<br>Casie D. Collignon<br>Matthew D. Pearson<br>BAKER HOSTETLER LLP<br>600 Anton Blvd., Suite 900<br>Costa Mesa, CA  92626<br>Tel.: 714-754-6600<br>Facs.: 714-754-6611<br>Email:   mpearson@bakerlaw.com<br>SBN 294302<br><br>*Attorneys for Defendant*<br>PUBLISHERS CLEARING HOUSE, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023, I caused to be electronically filed the foregoing **NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT PUBLISHERS CLEARING HOUSE LLC'S  MOTION TO DISMISS SECOND AMENDED CLAS ACTION COMPLAINT [ECF NO. 25]** using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew D. Pearson*
Matthew D. Pearson