UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY LOU PETT, et al.,

      Plaintiff,                           Case No. 22-11389

v.                                    Hon. Denise Page Hood

PUBLISHERS CLEARING
HOUSE, INC.

      Defendant.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
[ECF No. 47] and DENYING PLAINTIFFS' MOTION FOR LEAVE TO
FILE REPLY [ECF No. 56]**

## I.    INTRODUCTION

The nine named Plaintiffs filed this putative class action on June 22, 2022, alleging that Defendant Publishers Clearing House, Inc.[1] ("Defendant") violated Michigan's Preservation of Personal Privacy Act, M.C.L. § 445.1712 ("PPPA"). Plaintiffs allege Defendant disclosed, without Plaintiffs' consent, information that identified Plaintiffs as purchasers of certain types of written materials and sound and video recordings sold by Defendant. Plaintiffs filed two amended class action

---

[1] Defendant represents that its proper name is Publishers Clearing House, LLC, not Publishers Clearing House, Inc., as Plaintiffs have set forth in their pleadings.

1

complaints (the "Complaint"). ECF Nos. 18, 22. Defendant filed a Motion to Dismiss Second Amended Class Action Complaint, which the Court granted in part and denied in part (the "Order"). ECF No. 44.

Plaintiffs filed a Motion for Reconsideration of the Order, asking the Court to reconsider "the portions of its Order granting Defendant's Motion with respect to unnamed third-parties and limiting discovery 'to only the named parties.'" ECF No. 47. As Eastern District of Michigan Local Rule 7.1(h)(3) does not allow a response to a motion for reconsideration as of right, the Court ordered Defendant to file a response to the Motion for Reconsideration. ECF No. 53. Defendant timely filed its response. ECF No. 54. The same day, Plaintiffs filed a "Notice of Intent to File Motion for Leave to File Reply in Support of Motion for Reconsideration." ECF No. 55. Twenty-four days later, Plaintiffs filed a Motion for Leave to File Reply in Support of Motion for Reconsideration. ECF No. 56. For the reasons that follow, the Court denies both the Motion for Reconsideration and the Motion for Leave to File Reply.

## II.   LEGAL STANDARD

To obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must assert one or more of the following:

(A) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record

and law before the court at the time of its prior decision; (B) an intervening change in controlling law warrants a different outcome; or (C) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. L.R. 7.1(h)(2). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F. Supp. 457, 459 (E.D. Mich. 1997).

"A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Sch.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018); *see also Harper v. Burt*, No. CV 19-10232, 2023 WL 4110535, at *1 (E.D. Mich. June 21, 2023) (internal quotations omitted) ("[M]otions for reconsideration are not a vehicle to rehash rejected arguments[.]").

A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled. *Pakideh v. Ahadi*, 99 F.Supp.2d 805, 809 (E.D. Mich. 2000); *accord ComForCare Franchise Sys., LLC v. ComForCare Hillsboro McMinnville Corp.*, No. 2:19-CV-12037, 2019 WL 7584403, at *1 (E.D. Mich. Nov. 20, 2019); *Hudson v. City of Highland Park*, No. 2:16-CV-12369, 2017 WL 11535059, at *1 (E.D. Mich. Oct. 27, 2017); *Yahya v. Yemenia-Yemen Airways*, No. 2:08-CV-14789, 2009 WL 3873658, at *1 (E.D. Mich. Nov. 18, 2009); *Pitts v. Zych*, No. 2:09-CV-12329, 2009 WL 2488108, at *1 (E.D. Mich. Aug. 11, 2009); *Smith v. Cook*, No. 2:08-CV-10543, 2008 WL 1902022, at *1 (E.D. Mich. Apr.

28, 2008); *Smith v. Daughtrey*, No. 2:08-CV-10541, 2008 WL 1901321, at *1 (E.D. Mich. Apr. 25, 2008); *Dell v. Straub*, No. 2:00-CV-71853, 2002 WL 1303089, at *2 (E.D. Mich. June 6, 2002); *see United States v. Lewis*, 166 F. App'x 803, 806 (6th Cir. 2006) (holding that a district court's denial of a motion for reconsideration "is not subject to review" if it "merely restated the reasons" for its prior denial of the same arguments); *see also United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013).

*Fisher v. United States*, 589 F.Supp.3d 726, 728 (E.D. Mich. 2022); *Thompson v. Nestle Waters N. Am., Inc.*, 2023 WL 4493597, at *1 (E.D. Mich. Mar. 3, 2023) (quoting *Fisher*, 589 F. Supp. at 728).

## III.   ANALYSIS

Plaintiffs do not cite any change in controlling law or new facts warranting a different outcome. Accordingly, the Court's analysis will be limited to whether the court made a mistake based on the record and law before it when deciding the motion to dismiss. If the Court determines that such a mistake was made, it will then evaluate whether correcting that mistake would change the outcome of the prior decision.

### A.   Dismissal of Allegations Involving Disclosures to Unnamed Third Parties

Plaintiffs first argue that they are not "required to specifically identify each third party recipient of their PPI with specificity or proof at the pleading state." (*Id.* at PageID.3414 (citing *Zimmerman v. 3M Co.*, 542 F. Supp. 3d 673, 681 (W.D. Mich 2021)). The Court notes that Plaintiffs addressed this issue in their response to the

4

Motion to Dismiss, although they did not cite any authority for that position other than Federal Rule of Civil Procedure 8. *See* ECF No. 27, PageID.1952–53.

Plaintiffs now cite the *Zimmerman* case from the Western District of Michigan and *Gaines v. Nat'l Wildlife Fed'n*, 2023 WL 3186284, at *3 (E.D. Mich. May 1, 2023), to support that proposition. Neither case is binding on this Court, and *Zimmerman* did not involve the PPPA. In *Gaines*, the court was not presented with, nor did it specifically address, the issue of unnamed third party recipients of the plaintiffs' PPI. Rather, the court focused on the alleged disclosures "in violation of the PPPA to a third party, NextMark," not unidentified third parties. *See, e.g., Gaines*, 2023 WL 3186284, at *4.[2]

Plaintiffs next contend that piecemeal dismissal of parts of claims is not permitted on a Rule 12(b) motion to dismiss. ECF No. 47, PageID.3415. Plaintiffs cite five cases, none of which was issued by the U.S. Supreme Court, the Sixth Circuit, or even a Judge in the Eastern District of Michigan. *Id.* at PageID.3415–16 (citations omitted). The Court does not find those decisions persuasive in this matter, for the reasons discussed below.

---

[2] Plaintiffs make essentially the same argument with respect to *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679, 682 (W.D. Mich. 2018). That court also focused on alleged disclosures to NextMark. *Id.* ("Given that GameStop possessed the Game Informer subscription information and that NextMark purported to sell that information, ...").

Plaintiffs argue that when there are alternate theories of recovery on a claim, and there is a plausible claim pursuant to the PPPA, the claim cannot be dismissed. *Id.* at PageID.3419–20 (citations omitted). The Court finds Plaintiffs' theory to be flawed. Most significantly, the Court did not dismiss Plaintiffs' PPPA claim, which is filed only against Defendant. The Court simply limited the scope of the claim, just as the scope of any claim could be limited for any number of reasons, including: (1) the statute of limitations, *see, e.g., In re Tyco Int'l Ltd. Multidistrict Litig.*, 2004 WL 532193, at *1 (D.N.H. Mar. 16 2004) (citing *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d 590, 592 (1st Cir. 1989) ("[o]n the face of [Tyco's] original complaint it is clear that [part of] the cause of action is barred by the applicable statute of limitations"); (2) the period permitted by statute, *see* ECF No. ECF No. 27, PageID.1935–36, n.2, n.3 (Plaintiffs concede the period during which Plaintiffs may seek recovery is limited by statute); and (3) inapplicability of portions of the claim. *See e.g., Lozar v. Birds Eye Foods, Inc.*, 678 F. Supp. 2d 589, 596, 601–609 (W.D. Mich. 2009) (dismissing portions of count one (negligence claim) and count two (remediation claim) on a Rule 12(b)(6 motion).

In addition, if Plaintiffs' theory were adopted, it would mean that a court could not dismiss a defendant on a motion to dismiss if the plaintiff named that defendant in a claim, even if the elements of the claim were not sufficiently pleaded against

that party or otherwise barred. Well-established law provides otherwise. *See, e.g., Trotter v. Cargill, Inc.*, 2008 WL 1808510, at 1 (W.D. Tenn. April 21, 2008) (dismissing a Title VII claim against individual defendants because Title VII does not provide for personal liability against non-employers but allowing the claim to go forward against the employer) (citing *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir.1997); *Lowe v. Fishel Co.*, 2006 WL 8458039, at *1 (W.D. Ky. May 25, 2006) (dismissing an individual defendant where state law does not allow for a cause of action against individual employees or agents of an employer but allowing the claim to go forward against the employer) (citing *Wathen*, 115 F.3d at 404 n.5).

For the foregoing reasons, the Court concludes that Plaintiffs have not established that the Court was mistaken when it held that Plaintiffs' PPPA claim was restricted to disclosures to named third parties.

### B.   The Court Will Not Revisit Prior Arguments and Rulings

Plaintiffs also contend that their "allegations are detailed and robust, easily clearing Rule 8's low bar." (ECF No. 47, PageID.3413). Although Plaintiffs made the specific argument discussed in Section A. above, the preceding sentence reflects Plaintiffs' general approach of arguing little more than that they disagreed with the Court's rulings in the Order. In other words, Plaintiffs believe their allegations in the

Complaint are sufficient to survive a motion to dismiss. Plaintiffs must do more to prevail on a motion for reconsideration.

Specifically, the Court notes that Plaintiffs' arguments that "the Court's partial dismissal of Plaintiffs' PPPA claim was nonetheless unwarranted here" and "[t]he Order Mistakenly Finds that Plaintiffs' Allegations Are Not Sufficient With Respect to all Third-Parties" only serve to rehash arguments previously made to– and were considered by–the Court. *See* ECF No. 47, PageID.3421–29. In those pages, Plaintiffs reiterate their prior arguments, all of which this Court has considered and rejected. In other words, those portions of the Motion for Reconsideration simply reflect Defendant's disagreement with the Court's determinations in the Order. As that is not a basis for reconsideration, the Court does not revisit those arguments now. *See Lewis*, 166 F. App'x at 806; *Southfield Educ. Ass'n*, 319 F. Supp. 3d at 901; *Harper*, 2023 WL 4110535, at *1.

Accordingly, the Court declines to accept Plaintiffs' arguments on PageID.3421–3429, and it is not persuaded that it was mistaken when dismissing Plaintiffs' PPPA claim with respect to disclosures to unnamed third parties.

## C.    Scope of Discovery

Plaintiffs challenge the Court's ruling that limited discovery only to the named Plaintiffs. Plaintiffs cite Rule 23, but they do not identify any language in Rule 23

8

that supports their contention that discovery should be expanded beyond the named Plaintiffs at this time. Plaintiffs do not explain how the Court's ruling contravenes the requirements of Rule 23, and Plaintiffs offer no case law or other authority to support their request.

Finally, it is undisputed that the Court retains the discretion over the scope of discovery. *See, e.g.,* F. R. Civ. P. 26(b)(1), (2); *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017); *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305, 2007 WL 107953 (6th Cir. 2007); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994); *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 906 (6th Cir. 1991); *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983) (citation omitted) ("[T]he scope of discovery...is limited only by relevance and burdensomeness."). In this case, the Court exercised that discretion when finding that it would be prudent to first ascertain whether discovery of a limited number of persons will support Plaintiffs' claims. This is especially true as many other courts have concluded that complaints with similar PPPA complaints are not even sufficient to support a cause of action.

For those reasons, the Court concludes that Plaintiffs have not demonstrated that the Court made a mistake in limiting discovery only to the named Plaintiffs.

**D.    Motion for Leave**

As directed by the Court, Defendant filed a response to Plaintiffs' Motion for Reconsideration. The same day, Plaintiffs filed a Notice of Intent to File Motion for Leave to File Reply in Support of Motion for Reconsideration. ECF No. 55. Twenty-four days later, Plaintiffs filed their Motion for Leave to File Reply in Support of Motion for Reconsideration ("Motion for Leave"). ECF No. 56. The Court denies the Motion for Leave for three reasons: (1) the Local Rules only provide that the Court may order the non-moving party to file a response to a motion for reconsideration, E.D. Mich. L.R. 7.1(h)(3); (2) the Motion for Leave was untimely, having been filed 24 days after the response was filed; and (3) the proposed Reply is **22 substantive pages (!!)**, which is even longer than the Motion for Reconsideration (20 substantive pages), which is already a long motion for reconsideration. By way of comparison, Plaintiffs' original response to the Motion to Dismiss was only 23 substantive pages. Finally, the Court finds that the Plaintiffs adequately addressed the issues raised in the Motion for Reconsideration. Therefore, the Motion for Leave is denied.

**IV.    CONCLUSION**

Accordingly, and for the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration, ECF No. 47, is **DENIED**.

IT IS FURTHER ORDERED that Motion for Leave to File Reply in Support of Motion for Reconsideration, ECF No. 56, is **DENIED**.

SO ORDERED.


Dated: July 30, 2024                     S/DENISE PAGE HOOD
                                         DENISE PAGE HOOD
                                         UNITED STATES DISTRICT JUDGE