# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARY LOU PETT; KATHLEEN FICK-GEE; DIANE BRYCE; PATTI DELVALLE; MICHELE HOLCOMB; KIM READUS; ALICE REESE; ERIKA VAN ALLER; and LINDA WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, INC.,<br><br>Defendant. | Case No. 22-cv-11389<br><br>Hon. Denise Page Hood<br><br>Mag. Judge Elizabeth A. Stafford |

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's August 5, 2024 Order (ECF No. 59), Plaintiffs Mary Lou Pett, Kathleen Fick-Gee, Diane Bryce, Patti DelValle, Michele Holcomb, Kim Readus, Alice Reese, Erika Van Aller, and Linda White ("Plaintiffs") and Defendant Publishers Clearing House, LLC ("Defendant")[1] hereby submit the following Joint Case Management Statement.

**I.    STATEMENT OF THE CASE AND PRINCIPAL ISSUES**

---

[1] Defendant's proper name is Publishers Clearing House, LLC.

In this putative class action, Plaintiffs allege that between March 14, 2016 and July 30, 2016, Defendant rented, exchanged, and/or otherwise disclosed detailed information about Plaintiffs' purchases of written materials, sound recordings, and/or video recordings, including magazine subscriptions, to numerous third parties, including, but not limited to, data aggregators, data appenders, data cooperatives, and list brokers, among others, which in turn disclosed their information to aggressive advertisers, political organizations, and non-profit companies. Plaintiffs allege that by renting, exchanging, and/or otherwise disclosing such personal information between March 14, 2016 and July 30, 2016, without notice or consent, Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"). Accordingly, Plaintiffs brought this action on behalf of themselves and all similarly-situated Michigan customers to recover statutory damages, costs, and reasonable attorneys' fees.

In response to Plaintiffs' operative Second Amended Complaint ("SAC"), on December 6, 2022, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs failed to state a claim (ECF No. 25). On May 23, 2023, after full briefing, the Court granted in part and denied in part Defendant's motion to dismiss (ECF No. 44). The Court's motion to dismiss order

limited Plaintiffs' claims to disclosures to NextMark, Inc. ("NextMark") and List Services Corp. ("LSC") (ECF No. 44 at PageID.3394). On June 6, 2023, Plaintiffs timely filed a motion for reconsideration (ECF No. 47). On July 30, 2024, the Court denied Plaintiffs' motion for reconsideration (ECF No. 58).

On August 27, 2024, Defendant filed an Answer to the SAC which raises 13 affirmative defenses and generally denies the substantive allegations in the SAC (ECF 62).

The principal factual and legal issues include, without limitation: (i) whether Defendant rented exchanged, and/or otherwise disclosed detailed information about Plaintiffs' purchases of written materials, sound recordings, and/or video recordings, including magazine subscriptions, between March 12, 2016 and July 30, 2016 to any NextMark or LSC; (ii) whether Defendant is or was engaged in the business of selling written materials, sound recordings, and/or video recordings, including magazine subscriptions "at retail" and whether Plaintiffs and putative class members purchased such materials from Defendant "at retail;" (iii) whether any disclosure was for the exclusive purpose of marketing goods or services directly to the consumer; (iv) whether Defendant informed its customers by written notice that the customer may remove his or her name at any time by written notice to the Defendant; (v) whether Plaintiffs consented to any disclosures or otherwise waived their ability to claim Defendant violated the PPPA; and (vi)

3

whether this matter is properly maintainable as a class action.

## II. JURISDICTION

The Court has subject-matter jurisdiction over this action because the SAC alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members.  *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B).

## III. RELATED CASES

There are no related cases.

## IV. AMENDMENT OF PLEADINGS

At this time, the parties do not anticipate the need to amend the pleadings or add any additional party-defendants.

## V. DISCOVERY

### A. Scope of Discovery

In its motion to dismiss order, the Court held that "any discovery shall be limited to only the named Plaintiffs." ECF No. 44 at PageID.3394.  Plaintiffs believe such a limitation of discovery is inappropriate and will lead to inefficiencies.  Nonetheless, the Parties have agreed to conduct bifurcated discovery whereby Phase I will be limited to the claims of the named Plaintiffs, which will culminate in dispositive motions filed by both Parties.  If the case

survives Defendant's dispositive motion, the case will then proceed to Phase II discovery, which will be focused on the claims of the putative class.

**B.     Initial Disclosures**

The parties will exchange initial disclosures by October 21, 2024.

**C.     Topics of Discovery**

Plaintiffs believe that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose information about their purchases of written materials, sound recordings, and/or video recordings, including magazine subscriptions; (ii) any written notice Defendant provided to Plaintiffs and the putative Class of their right to remove their names from any rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) copies of all transmissions of customers' magazine subscription records to NextMark or LSC between March 12, 2016 and July 30, 2016; (iv) the contracts between Defendant and NextMark or LSC; (vi) any and all contracts between Defendant and Plaintiffs and the putative Class; (vii) subscription and payment records of Plaintiffs and the putative class; and (viii) the size and identities of the putative Class members.

For the purposes of Defendant's forthcoming Motion for Summary Judgment, Defendant does not, at this point, foresee the need to take any discovery

5

of Plaintiffs. If, for any reason, Defendant's Motion for Summary Judgment is denied, Defendant plans to engage in class-related discovery, including written discovery and depositions.

### D.     Proposed Case Schedule

The parties proposed the following discovery schedule for Phase I discovery:

**Deadline to Complete Document Production**: January 17, 2025

**Deadline to Complete Discovery**: February 28, 2025

**Deadline to File Dispositive Motions:** March 28, 2025

The parties will propose a schedule for Phase II discovery, if any, within 14 days of a ruling on their anticipated dispositive motions.

### E.     Anticipated Motions

Plaintiffs anticipate filing a motion for summary judgment at the close of Phase I discovery, and a motion for class certification at the close of Phase II discovery.

Defendant anticipates filing a motion for summary judgment at the close of Phase I discovery. A motion for summary judgment limited to the named Plaintiffs only does not violate the rule against one-way intervention. *See Miami v. Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 616 (6th Cir. 2002) (observing that the Sixth Circuit Court of Appeals has "consistently held that a district court is

not required to rule on a motion for class certification before ruling on the merits of the case"); *Faber v. Ciox Health, LLC*, 944 F.3d 593, 604 (6th Cir. 2019) (implicitly recognizing that pre-certification motions for summary judgment binding named plaintiffs only do not violate the rule of one-way intervention).

Plaintiffs note that will they are not opposed to Defendant filing a pre-class certification motion for summary judgment, they believe that the parties should not file serial motions for summary judgment, and that if Defendant files a motion for summary judgment before a decision on class certification, Defendant should be deemed to have waived the rule against one-way intervention, and Plaintiffs should be entitled to move for summary judgment prior to a decision on class certification as well (without being precluded from later moving for class certification).

## VI. LENGTH OF TRIAL

The parties estimate that trial will last 3-5 days.

## VII. SETTLEMENT AND ADR

Plaintiffs are willing to participate in private mediation.

Defendant is open to participating in mediation at a later date.

## VIII. INSURANCE

Plaintiffs are unaware of any insurance available to satisfy part or all of a judgment, including any indemnification agreements.

Defendant is not aware of any insurance that would cover the claims

asserted by Plaintiffs in this action.

Dated: September 23, 2024        Respectfully submitted,

**MARY LOU PETT, ET AL.,** individually and on behalf of all others similarly situated,

By:   */s E. Powell Miller*
One of Plaintiff's Attorneys

E. Powell Miller (P39487)
epm@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

Frank S. Hedin
fhedin@hedinllp.com
Arun G. Ravindran
aravindran@hedinllp.com
HEDIN LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801

*Counsel for Plaintiffs and the putative class*

Respectfully submitted,

**PUBLISHERS CLEARING HOUSE, LLC**

By: <u>/s Matthew D. Pearson</u>
    Matthew D. Pearson
    BAKER & HOSTETLER LLP
    600 Anton Blvd., Suite 900
    Costa Mesa, CA  92626
    Tel: (714) 754-6600
    Fax: (714) 754-6611

    Casie D. Collignon
    BAKER & HOSTETLER LLP
    1801 California Street, Suite 4400
    Denver, CO  80202
    Tel: (303) 861-0600
    Fax: (303) 861-7805

    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2024, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                                     */s/ E. Powell Miller*
                                                   E. Powell Miller (P39487)
                                                   **THE MILLER LAW FIRM, P.C.**
                                                   950 W. University Dr., Ste. 300
                                                   Rochester, MI 48307
                                                   Tel: (248) 841-2200
                                                   epm@millerlawpc.com