# **EXHIBIT A**

# **Voluntary Petition for Bankruptcy**

| Fill in this information to identify the case: | | |
|---|---|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK | | |
| Case number *(if known)* _____ | Chapter **11** | ☐ Check if this is an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy      04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Publishers Clearing House LLC** | |
|---|---|---|---|
| 2. | All other names debtor used in the last 8 years <br> Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **11-1730276** | |
| 4. | Debtor's address | **Principal place of business** <br><br> **7 West 22nd Street** <br> **New York, NY 10010** <br> Number, Street, City, State & ZIP Code <br><br> **New York** <br> County | **Mailing address, if different from principal place of business** <br><br> **P.O. Box 610** <br> **Hicksville, NY 11802** <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **https://www.pch.com** | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor **Publishers Clearing House LLC**　　　　　　　　　　　　　　　Case number (*if known*)
　　　　Name

**7. Describe debtor's business**　　A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
　　__5418__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

| Debtor | **Publishers Clearing House LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____  When _____  Case number, if known _____

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:* |
|---|---|---|
| | | ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No |
|---|---|---|
| | | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|
| | | ■ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>■ More than100,000 |
|---|---|---|---|---|

| 15. | **Estimated Assets** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ■ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| 16. | **Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>■ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| Debtor | Publishers Clearing House LLC | Case number (*if known*) |
|---|---|---|
| | Name | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **April 9, 2025**
MM / DD / YYYY

**X /s/ William H. Henrich**                                   **William H. Henrich**
Signature of authorized representative of debtor        Printed name

Title  **Co-Chief Restructuring Officer**

**18. Signature of attorney**

**X /s/ Tracy L. Klestadt**                                    Date  **April 9, 2025**
Signature of attorney for debtor                                      MM / DD / YYYY

**Tracy L. Klestadt**
Printed name

**Klestadt Winters Jureller Southard & Stevens, LLP**
Firm name

**200 West 41st Street**
**17th Floor**
**New York, NY 10036**
Number, Street, City, State & ZIP Code

Contact phone  **(212) 972-3000**         Email address  **tklestadt@klestadt.com**

**2089985 NY**
Bar number and State

# UNANIMOUS WRITTEN CONSENT OF
# THE BOARD OF DIRECTORS
# OF
# PUBLISHERS CLEARING HOUSE LLC

THE UNDERSIGNED, constituting all the members of the Board of Directors of PUBLISHERS CLEARING HOUSE LLC, a New York limited liability company, acting pursuant to the Company's Operating Agreement, dated as of October 1, 2002 (as amended and restated to the date hereof), do hereby consent to and adopt the following resolutions in lieu of a meeting with the same force and effect as if adopted at a duly held meeting of the Board with the direction that this Unanimous Written Consent (this "Unanimous Consent") be filed in the minute book of the Company:

WHEREAS, this Board has reviewed and analyzed the materials regarding the financial condition, capital structure, liquidity position, short-term and long-term prospects of Publishers Clearing House LLC, a New York limited liability company (the "Company"), and the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's business; and

WHEREAS, this Board has determined that it is desirable and in the best interests of the Company and its creditors, employees, shareholders, and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the Bankruptcy Code (the "Bankruptcy Code");

NOW THEREFORE, BE IT RESOLVED, that the Company is hereby empowered, authorized, and directed to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in a court of proper jurisdiction;

RESOLVED FURTHER, that the officers of the Company (each an "Authorized Person" and collectively, the "Authorized Persons") are, and each of them acting individually is, hereby appointed as the Company's authorized representative(s) in the Chapter 11 Case, and in such capacity, the Authorized Persons (and their delegates) are, and each of them acting individually is, hereby empowered, authorized, and directed, in consultation with and at the direction of Andrew C. Goldberg, the Company's chief executive office (the "CEO"), to execute and file on behalf of the Company, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that this Board deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

RESOLVED FURTHER, that this Board approves the engagement of Getzler Henrich & Associates LLC ("GH"), as financial advisors to the Company, and that William H. Henrich, Co-Chairman of GH, and Laurence Sax, Managing Director of GH, are hereby appointed as co-Chief Restructuring Officers ("CROs") of the Company, reporting to the CEO, in each case upon the terms set forth in that certain Letter Agreement dated as of January 29, 2025 between GH

and the Company (the "GH Engagement Letter"), and, as such, each of the CROs constitutes an "Authorized Person" within the meaning of the resolutions adopted herein;

RESOLVED FURTHER, that this Board approves the engagement of SSG Advisors, LLC as the exclusive investment banker representing the Company in securing financing and other investment opportunities in the Chapter 11 Case, and ratifies the Engagement Agreement dated February 9, 2025, by and between SSG Advisors, LLC and the Company;

RESOLVED FURTHER, that this Board approves the engagement of Omni Agent Solutions, Inc., as the notice and claims agent to provide services to the Company in and for the Chapter 11 Case, which may include (but not limited to) noticing and communications services, claims management and reconciliation services, balloting and tabulation services, account management and disbursement services, and other services in and for the Chapter 11 Case, all as more fully set forth in the Standard Services Agreement, by and between Omni Agent Solutions, Inc. and the Company;

RESOLVED FURTHER, that the law firm of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJSS") is hereby empowered, authorized, and directed to represent the Company as its general bankruptcy counsel, and to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including the preparation of pleadings and filings; and in connection therewith, the Authorized Persons (and their delegates) are, and each of them acting individually is, hereby empowered, authorized, and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of KWJSS;

RESOLVED FURTHER, that the Authorized Persons (and their delegates) are, and each of them acting individually is, hereby empowered, authorized, and directed to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary by this Board to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and in connection therewith, the Authorized Persons (and their delegates) are, and each of them acting individually is, hereby empowered, authorized, and directed, in consultation with and at the direction of the CEO, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of any such individual and/or firm;

RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by the Authorized Persons (or their delegates) in accordance with these resolutions, or by any of the Company's retained professionals in accordance with their respective engagement letters or other agreements, to seek relief on behalf of the Company under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case in connection with such proceedings, or any matter related thereof, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

2

RESOLVED FURTHER, that the Authorized Persons (and their delegates) are, and each of them acting individually is, hereby authorized, empowered, and directed, in consultation with and at the direction of the CEO, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, to incur all such fees and expenses and to take such other action, as in the judgment of such Authorized Person shall be or become necessary, proper and desirable to prosecute to a successful completion of the Chapter 11 Case, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions; and

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their delegates) are hereby empowered, authorized, and directed, in consultation with and at the direction of the CEO, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, to amend, supplement or otherwise modify from time to time, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in this Board's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

\* \* \*

IN WITNESS WHEREOF, the undersigned, constituting all the members of the Board of Directors of the Company, have executed and delivered to the Company this Unanimous Consent to be effective as of April 9, 2025.

**DIRECTORS**

*/s/ Andrew C. Goldberg*
Andrew C. Goldberg

*/s/ Peter A. Derow*
Peter A. Derow

*/s/ Adam Sokoloff*
Adam Sokoloff

*/s/ Lauren Stanich*
Lauren Stanich

*/s/ Sameer Deen*
Sameer Deen

3